IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:25-cv-02445-PLF |

**DECLARATION OF NATHAN SPORIN**

I, Nathan Sporin, declare as follows:

　　　1.　　I am over eighteen years of age and competent to give this declaration. This declaration is based on my personal knowledge, information, and belief.

　　　2.　　I am a Power Plant Senior Electronics Mechanic employed by the U.S. Army Corps of Engineers, Nashville District, at the Electronics Service Section in Hendersonville, Tennessee. I have worked for the U.S. Army Corps of Engineers, Nashville District, for 9 years.

　　　3.　　I am the Business Manager and member of the International Brotherhood of Electrical Workers, Local Union 2080 ("IBEW Local 2080").

　　　4.　　IBEW Local 2080 is a labor organization that serves as the exclusive bargaining representative of all permanent employees working at hydropower plants and navigation locks, and all permanent employees of repair parties, specialized maintenance crews and fleet operations employed by the U.S. Army Corps of Engineers, Nashville District.

　　　5.　　IBEW Local 2080 has represented the bargaining unit employees at U.S. Army Corps of Engineers, Nashville District, without interruption since at least the 1970s.

6. The U.S. Army Corps of Engineers is responsible for building, maintaining, and operating various civil works projects. The U.S. Army Corps of Engineers, Nashville District, maintains and operates locks, dams, and hydroelectric power plants along the Tennessee and Cumberland Rivers.

7. In furtherance of the Corps' civilian mission, employees represented by IBEW Local 2080 operate, perform preventive maintenance, and trouble shoot and repair the structural, mechanical, electrical, and electronic systems used on civil works projects to generate electricity, control river levels, mitigate flood risks, and facilitate commercial navigation.

8. IBEW Local 2080 and the U.S. Army Corps of Engineers, Nashville District, are parties to a collective bargaining agreement.

9. The collective bargaining agreement provides employees with critical workplace rules and protections. For example, the collective bargaining agreement:

   a. Sets terms and conditions for working hours, overtime work and premium pay, sick leave, holidays, and paid time off.

   b. Imposes safety and health requirements to ensure the welfare of workers in the workplace.

   c. Establishes protections for workers in the event of reduction-in-force ("RIF") actions and procedures.

   d. Creates procedures for and limitations on disciplinary and adverse actions against employees.

   e. Provides for official time, which allows bargaining unit employees to perform union representation activities for certain amounts of time when the employee would otherwise be in duty status, without loss of pay or charge to annual leave.

10. As Business Manager, I serve as IBEW Local 2080's primary representative and point of contact with the U.S. Army Corps of Engineers, Nashville District. In that role, I am responsible for enforcing the collective bargaining agreement on the union's behalf. My duties include negotiating with the agency on matters concerning employees' terms and conditions of employment; processing employee grievances; dealing with management regarding workplace safety issues; and generally fostering a productive labor-management relationship.

11. On March 27, 2025, President Trump signed Executive Order 14251, "Exclusions From Federal Labor-Management Relations Programs," 90 Fed. Reg. 14553 (Apr. 3, 2025) (the "Exclusions Order"). Section 2(b) of the Exclusions Order excludes the Department of Defense from the coverage of the Federal Service Labor-Management Relations Statute, 5 U.S.C. § 7101 et seq. The U.S. Army Corps of Engineers, Nashville District, is a subdivision of the Department of Defense.

12. Since the Exclusions Order was signed, the U.S. Army Corps of Engineers, Nashville District has ceased withholding dues from employees' checks as provided for in the collective bargaining agreement and declined to meet with the union to discuss matters of mutual concern as required by the Federal Service Labor-Management Relations Statute and the collective bargaining agreement.

13. As a result of the agency's cessation of dues withholding, IBEW Local 2080 has lost the bi-weekly dues once paid by its members that are employed by the U.S. Army Corps of Engineers, Nashville District. IBEW Local 2080 depends on dues revenue to represent its bargaining unit.

14. Terminating IBEW Local 2080's collective bargaining agreement and denying employees their right to collectively bargain pursuant to the Exclusions Order will have an

immediate and irreparable adverse impact on IBEW Local 2080 and the bargaining unit because it will deprive employees of the critical protections provided for in the collective bargaining agreement, as noted above. The loss of many of those protections, such as the right to union representation during the disciplinary process, to procedural protections in the event of a reduction-in-force, to safety and health protections, and provisions regarding work schedules, are not matters that can be fully remedied after the fact.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August /S , 2025.

_____
Nathan Sporin