IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS, *et al.*,<br><br>       Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>       Defendants. | Civil Action No. 1:25-cv-02445-PLF |

**DECLARATION OF ED DARCY, JR.**

I, Ed Darcy, Jr., declare as follows:

1.    I am a Senior International Representative of the Office and Professional Employees International Union, AFL-CIO ("OPEIU"). I have held this position since January 12, 1998. This declaration is based on my personal knowledge and the records and information available to the OPEIU.

2.    As part of my responsibilities, I assist Local Unions in bargaining collective bargaining agreements as lead negotiator or advisor, enforcing contract provisions, representing members in labor–management matters, organizing and membership growth, local union oversight, and performing any other duties assigned to me by OPEIU. One of OPEIU's local unions, Local 2001, has represented a unit of professional and non-professional employees working at the Oak Ridge, Tennessee facility of the U.S. Department of Energy ("DOE") since at least 1981. That unit consists of a broad range of workers, including scientists, engineers, industrial hygienists, accountants, contract specialists, among other titles.

3.      OPEIU Local 2001 and DOE have a long history of productive collective bargaining during the period of time that OPEIU has represented the bargaining unit.   The bargaining unit is currently covered by a collective bargaining agreement between Local 2001 and DOE dated July 2021.

4.      The collective bargaining agreement embodies the DOE's recognition that "labor organizations and collective bargaining in the civil service are in the public interest:" The CBA specifically cites the words of Congress:   "[T]he public interest demands the highest standards of employee performance and the continued development and implementation of modern and progressive work practices to facilitate and improve employee performance and the efficient accomplishment of the operations of the Government."  Further, the parties agree as Congress found that the purpose of collective bargaining is to "prescribe certain rights and obligations of the employees of the Federal Government and to establish procedures which are designed to meet the special requirements and needs of the Government…. "in a manner consistent with the requirement of an effective and efficient Government."

5.      The DOE recognized the OPEIU's unit of professionals and non-professionals at its Oak Ridge facility as an appropriate unit for collective bargaining and expressly acknowledged in the collective bargaining agreement that the OPEIU's bargaining unit did *not* include any employees engaged in intelligence, counterintelligence, investigative or security work which directly affects national security.

6.      At no point prior to the issuance of Executive Order No. 14251 ("Executive Order") did the DOE seek to backtrack from that recognition or seek to modify the unit on the ground of national security reasons or assert that collective bargaining with OPEIU was contrary to the interests of national security.

4934-6897-1104, v. 2

7.    As the exclusive bargaining representative of the workers, the OPEIU and Local 2001 provide many services to bargaining unit members. The Union ensures employee participation in the implementation of personnel policies and the formulation and implementation of local personnel programs, practices, and procedures affecting the conditions of their employment, facilitates the resolution of grievances, complaints, disputes through the grievance and arbitration process; promotes and improves the morale of bargaining unit employees; and promotes better working conditions including environment, health and welfare. The DOE has always acknowledged that these goals are consistent and compatible with an efficient and effective Federal Government.

8.    The Executive Order will have and has had an immediate adverse effect on the bargaining unit members and on the OPEIU's ability to provide these services to unit members and to accomplish its goals.

9.    The collective bargaining agreements provide important rights and protections to workers. Those rights will be lost if Local 2001 is unable to enforce the collective bargaining agreement or to engage in collective bargaining with the DOE.

10.    The collective bargaining agreement provides the bargaining unit members with:

a.    Terms and conditions for working hours, overtime, sick leave, holidays, and paid time off for workers in the bargaining unit.

b.    The right to representation in grievances, the right to representation in situations involving actions based on performance, and the right to representation during disciplinary and adverse actions.

c.    The right to meet at least monthly with management to discuss issues of concern to either party.

4934-6897-1104, v. 2

d.  The right to receive position descriptions which accurately reflect the principal duties, responsibilities, and supervisory relationships involved, to be notified of any changes in writing and to have the opportunity to review changes.

e.  The right to performance appraisals based on merit and competence as measured by established performance standards.

f.   The right to a safe workplace by requiring that DOE facilities where bargaining unit employees work will be inspected at least annually, with more frequent inspections where an increased risk of accident, injury, or illness has been identified. The workers have the right to accompany DOE work protection personnel during workplace inspections, and the Union is entitled to receive copies of Occupational Safety and Health Reports and any reports/studies related to the safety and health of employees.

g.  Protections for workers regarding reduction-in-force actions and procedures, including requiring that the Union be informed of the exact positions to be abolished, that the Union have the right to bargain on negotiable aspects of the procedures used to carry out a reduction-in-force and on appropriate arrangements for employees adversely affected.

h.  Official time, which allows bargaining unit employees to perform union representational activities during certain amounts of duty time, without loss of pay or change to annual leave, and on agency property.

Without the OPEIU to represent them, the workers will lose these rights and protections going forward.

11.    After the Executive Order was issued, Local 2001 requested to meet with DOE to initiate Impact and Implementation negotiations in accordance with Article 13, Section 2 of the

collective bargaining agreement.  The DOE, through Labor Relations Specialist, Donna William Dixon, declined to meet as she was "awaiting further guidance" from management.  DOE has never met with Local 2001 to explain how and when the Executive Order would  be implemented.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed August 19, 2025, in  Cooper City, FL          .

*Ed Darcy, Jr.*
ED DARCY, JR.

4934-6897-1104, v. 2